SUAREZ, J.
 

 This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800(a). On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief.
 
 See
 
 Fla. R. App. P. 9.141(b)(2)(A), (D).
 

 In Sanchez’s rule 3.800 motion, his only claim is that the written sentence does not comport with the oral pronouncement at sentencing. There is nothing in the attached records, however, to indicate that he has ever raised this issue before. The motion is therefore not successive, should not have been denied as such, and the trial court should have attached those portions of the record to address and clarify the issue, i.e., the transcript of sentencing (not the plea colloquy) and the written judgment. Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts, including the August 22, 1996 sentencing transcript and the written judgment, conclusively showing that the appellant is not entitled to any relief.
 

 Reversed and remanded for further proceedings.